## VOGT, In Re

Common Pleas Court, Hamilton Co.

Decided November 10, 1934

## OPINION

By BELL, J.

This proceeding came on for hearing upon written charges prepared and filed by Leonard H. Freiberg, Cornelius J. Petzhold and Larz R. Hammel, a committee heretofore appointed by the court to investigate, prepare, file and prosecute charges against the said Elmer G. Vogt, a member of the bar of Hamilton County.

Pursuant to such direction the committee filed the charges consisting of five separate and distinct transactions.

First: Charges embezzlement in the sum of $685.69. the property of Hazel T. Haines by the said Elmer G. Vogt while acting as the agent or attorney for the said Hazel T. Haines.

This charge also sets forth that on September 1, 1933, Elmer G. Vogt was indicted by the grand jury in cause No. 38648, in this court, styled "the State of Ohio v Elmer G. Vogt, indictment for embezzlement;" and it is further set forth that thereafter the said Vogt entered a plea of guilty to the said indictment.

Second: This charge is in connection with the conduct of Elmer G. Vogt while engaged as an attorney for one Lucy B. Copeland.

Third: Charges misconduct of Vogt in connection with the estate of Edward Kube, deceased.

Fourth: Charges embezzlement in connection with the handling of money of Maggie E. Weston.

Fifth: Charges misconduct in connection with property of Charles Gschwind.

These charges were filed on July 28, 1934, and copy was served upon the accused, who was then incarcerated in the Ohio Penitentiary, in accordance with law, and on September 20th there was filed a paper which was styled a defense consisting of six claimed separate defenses.

The first five of these claimed defenses have to do with the first charge, and the sixth claimed defense has to do with the remainder of the charges, that is, charges two, three, four and five.

At the time the matter came on for hearing it was disclosed to the court that Elmer G. Vogt was then incarcerated in the Ohio State Penitentiary and was not in court, and the question was raised by one member of the court as to whether or not it was proper, in law, to proceed with the hearing of the charges in the absence of the person charged, his absence being occasioned by his incarceration in the Penitentiary.

The evidence discloses that the transaction set forth in the first charge against Vogt was the same matter which was the subject of the indictment heretofore mentioned upon which Vogt entered a plea of guilty and was sentenced to the Penitentiary.

In the first defense of this proceeding Vogt denies that he was ever employed by Hazel T. Haines as her attorney, and denies the charge of embezzlement.

The second, third, fourth and fifth matters set forth as defenses are not defenses to the charge and cannot be so considered by the court.

The court is therefore confronted with this situation: in the criminal case the defendant Vogt was charged as the agent and attorney for Hazel T. Haines with the embezzlement of $685.69 and entered a plea of guilty thereto, and judgment was entered in that case; in this proceeding where he is again charged with the same transaction he denies both the embezzlement and the fact that he was attorney for Hazel T. Haines.

Would Elmer G. Vogt be permitted to offer any evidence, if personally present, which would challenge this first charge made against him which was the basis of the judgment which remains unmodified and unreversed?

It is well settled that a judgment of a court cannot be contradicted or impeached in any collateral proceeding. This principle has been clearly established as the law in this state.

In **Harper v The State, 106 Oh St 481,** the court says:

"Such record, (of the conviction of a crime) unmodified or unreversed may neither be impeached or contradicted by the defendant or any other witness in his behalf, in a collateral proceeding."

It is therefore apparent that had Vogt been present in court at the time of the hearing of these charges, he could not have been permitted to present any evidence which tended to impeach or contradict the judgment of the court entered in case No. 38648, (State of Ohio v Vogt), which was the transaction set forth in the first charge.

We have concluded, that the presence or absence of Vogt was immaterial in considering charge number one; whether or not his presence was prerequisite in considering the four other charges is unnecessary of decision in this case.

The crime of embezzlement to which Vogt entered a plea of guilty involves moral turpitude.

It is the judgment of the court that Elmer G. Vogt be disbarred upon the first charge set forth in the charges of the committee.

Charges two, three, four and five are neither considered nor decided.

DARBY & MORROW, JJ., concur.